IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO GONZALEZ, | : | |
| Petitioner | : | |
| | : | No. 1:22-cv-01632 |
| v. | : | |
| | : | (Judge Rambo) |
| STEPHEN SPAULDING, | : | |
| Respondent | : | |

## MEMORANDUM

Pending before the Court is pro se Petitioner Antonio Gonzalez ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). For the reasons set forth below, the petition will be dismissed without prejudice as moot.

I.  BACKGROUND

On October 17, 2022, Petitioner commenced the above-captioned action by filing a Section 2241 petition. (Doc. No. 1.) At the time he filed his petition, Petitioner was incarcerated at the Satellite Prison Camp located at the United States Penitentiary in Lewisburg, Pennsylvania ("SPC Lewisburg"). (Id. ¶ 1.) In his petition, Petitioner challenges the Federal Bureau of Prisons ("BOP")'s computation of his federal sentence and contends that the BOP has not applied any First Step Act earned time credits to his federal sentence. (Id. ¶ 4.) Petitioner further contends that, if his earned time credits were applied to his federal sentence, his release date would change from September 22, 2025, to September 22, 2024, and he would be

transferred from SPC Lewisburg to a halfway house or to home confinement. (Id. ¶ 5.) As for relief, Petitioner requests that the Court order the BOP to grant him earned time credits under the First Step Act in the amount of three-hundred and sixty-five (365) days. (Id. ¶ 8.)

On November 29, 2022, the Court, inter alia, deemed the petition filed and directed service of the petition on Respondent. (Doc. No. 5.) On December 19, 2022, Respondent filed a response to the petition, arguing that the Court should dismiss the petition as moot because the BOP has credited Petitioner with earned time credits under the First Step Act. (Doc. No. 7.) Alternatively, Respondent argues that the Court should dismiss the petition based upon Petitioner's failure to exhaust his administrative remedies before filing his petition in federal court. (Id.)

## II. DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis

v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)); United States v. Juv. Male, 564 U.S. 932, 936 (2011) (setting forth this same principle).

Here, Petitioner seeks an award of earned time credits under the First Step Act. (Doc. No. 1.) Pursuant to that Act, earned time credits can be applied toward earlier placement in prerelease custody (such as residential reentry centers and home confinement) or toward a term of supervised release. See 18 U.S.C. § 3632(d)(4)(C) (stating that "[t]he Director of the [BOP] shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release"); see also 18 U.S.C. § 3624(g)(2) (pertaining to prerelease custody); 18 U.S.C. § 3624(g)(3) (pertaining to supervised release).

The record shows that, on October 9, 2022, the BOP conducted a First Step Act Time Credit Assessment and calculated that Petitioner has had one-hundred and sixty-three (163) days of earned time credits applied to his release date and three-hundred and seventy-seven (377) days applied to his residential reentry center or home confinement. (Doc. No. 7-1 at 1 ¶ 4; Doc. No. 7-3 at 1.) Petitioner, however, has not filed a reply or otherwise challenged this assessment. Moreover, the Court has reviewed the BOP inmate locator, which reveals that Petitioner has been transferred to a residential reentry management ("RRM") facility in New York and

that, additionally, his projected release date has been changed to September 23, 2023.[1]

Thus, because Petitioner has received earned time credits under the First Step Act and has also been transferred to an RRM in New York, he no longer has a concrete, redressable injury, and this Court lacks an opportunity to provide him with any meaningful relief in this habeas action.  As a result, his petition is moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (stating that "[i]f developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot").

### III.   CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot.  An appropriate Order follows.

Dated: May 1, 2023                                              s/ Sylvia H. Rambo
                                                                SYLVIA H. RAMBO
                                                                United States District Judge

---

[1] The BOP inmate locator, which is available at https://www.bop.gov/inmateloc/, reflects that Petitioner, with a "Register Number" of "50213-069," has a "Release Date" of "09/23/2023."  See id.